ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 24, 2011

The Honorable Susan Combs
Texas Comptroller of Public Accounts
Post Office Box 13528
Austin, Texas 78711-3528

Opinion No. GA-0889

Re: Whether the Medicaid and Public Assistance Fraud Oversight Task Force is an "advisory committee" within the meaning of chapter 2110 of the Government Code (RQ-0971-GA)

Dear Comptroller Combs:

You ask whether the Medicaid and Public Assistance Fraud Oversight Task Force (the "Task Force") is an "advisory committee" within the meaning of chapter 2110 of the Government Code.[1]

The Task Force was initially created[2] in 1997 to "advise[] and assist[]" the Health and Human Services Commission ("HHSC") and the "commission's office of investigations and enforcement in improving the efficiency of fraud investigations and collections." TEX. GOV'T CODE ANN. § 531.107(a) (West 2004). The Task Force is composed of one representative each from the following state agencies: (1) Office of the Attorney General; (2) Office of the Comptroller; (3) Department of Public Safety; (4) Office of the State Auditor; (5) Health and Human Services Commission; (6) Department of Human Services; (7) Department of Insurance; and (8) Department of Health. *Id.* § 531.107(b). The Comptroller or her designee serves as the presiding officer of the Task Force. *Id.* § 531.107(c).

Chapter 2110 of the Government Code defines the term "advisory committee," for purposes of that chapter, to include a task force "that has as its *primary function* advising a state agency in the executive branch of state government." *Id.* § 2110.001 (West 2008) (emphasis added). You ask whether the Task Force is an "advisory committee" within the meaning of chapter 2110. Request Letter at 1. You suggest that the Task Force's enabling statute, chapter 531 of the Government Code, fails to designate the Task Force's "primary function." *Id.* at 2.

---

[1]Letter from Office of the Texas Comptroller of Public Accounts, to Honorable Greg Abbott, Attorney General of Texas (May 16, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

[2]Act of June 1, 1997, 75th Leg., R.S., ch. 1153, § 1.06(a), 1997 Tex. Gen. Laws 4324, 4326–30.

In an earlier opinion, this office considered whether the Texas Crime Stoppers Advisory Council was subject to chapter 2110. Tex. Att'y Gen. LO-98-059. The opinion noted that the council's enabling statute, chapter 414 of the Government Code, prescribed five separate duties. Moreover, the opinion found that other provisions of chapter 414 added three additional duties. *Id.* at 2–3. Like the council described in that opinion, the Task Force has been prescribed several duties. For example, as we have noted, the Task Force's enabling statute requires that it "advise[] and assist[]" the HHSC and the "commission's office of investigations and enforcement in improving the efficiency of fraud investigations and collections." Moreover, the Task Force may require the office of inspector general of the HHSC to provide "additional information" pursuant to section 531.107(f). *See* TEX. GOV'T CODE ANN. § 531.107(f) (West 2004). In addition, section 22.028 of the Human Resources Code authorizes the Task Force to inform the Comptroller, at her request, regarding the results of certain enforcement actions, specifically actions involving electronic benefits transfer systems within individual HHSC programs. *See* TEX. HUM. RES. CODE ANN. § 22.028(c) (West 2001). Finally, the Legislature in 2003 directed the Task Force to study procedures and documentation employed by the state to confirm the identities of persons seeking to establish entitlement to certain benefits. Under the 2003 law, the Task Force must "submit a report to the legislature containing recommendations for improvements in the procedures and documentation requirements."[3] None of the relevant statutes indicate which of these duties constitute the Task Force's "primary function."

We conclude that the Medicaid and Public Assistance Fraud Oversight Task Force is not an "advisory committee," and as a result, chapter 2110 of the Government Code does not apply to the Task Force.

---

[3]*See* Act of June 2, 2003, 78th Leg., R.S., ch. 198, § 2.143, 2003 Tex. Gen. Laws 611, 706; Act of May 10, 2003, 78th Leg., R.S., ch. 257, § 19, 2003 Tex. Gen. Laws 1163, 1170.

## S U M M A R Y

The Medicaid and Public Assistance Fraud Oversight Task Force is not an "advisory committee," and as a result, chapter 2110 of the Government Code does not apply to the Task Force.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee